NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

MONDIS TECHNOLOGY LTD.,
*Plaintiff-Appellee,*

v.

HON HAI PRECISION INDUSTRY CO., LTD.,
ALSO KNOWN AS FOXCONN INNOLUX DISPLAY
CORP., LITE-ON TECHNOLOGY CORP., LITE-ON
TRADING USA, INC., TPV TECHNOLOGY, LTD.,
INNOLUX CORP., AND CHIMEI INNOLUX
CORPORATION, FORMERLY KNOWN AS
INNOLUX DISPLAY CORPORATION,
*Defendants,*

AND

TPV INTERNATIONAL (USA), INC.,
TPV ELECTRONICS (FUJIAN) CO. LTD.,
ENVISION PERIPHERALS INC.,
TOP VICTORY ELECTRONICS (FUJIAN) CO. LTD.,
AND TOP VICTORY ELECTRONICS (TAIWAN) CO.
LTD.,
*Defendants-Appellants.*

---

2012-1208

---

Appeal from the United States District Court for the Eastern District of Texas in consolidated case nos. 07-CV-0565 and 08-CV-0478, Judge Rodney Gilstrap.

---

## ON MOTION

---

Before RADER, *Chief Judge*, LOURIE and SCHALL, *Circuit Judges.*

SCHALL, *Circuit Judge.*

## ORDER

TPV International (USA), Inc. et al. (TPV) and Mondis Technology Ltd. (Mondis) respond to this court's order directing the parties to show cause why this appeal should not be dismissed pursuant to the Federal Arbitration Act, 9 U.S.C. § 16(b)(4). TPV also moves for an injunction, pending disposition of its appeal. Mondis opposes. TPV replies.

TPV appeals an order of the district court that denied its motion to enjoin an arbitration. TPV argues in its brief that the order is appealable pursuant to 28 U.S.C. § 1295(a)(1) (appeal of a final decision in a patent case) and *Solis v. Current Dev. Corp.*, 557 F.3d 772 (7th Cir. 2009) (appeal may be taken from post-judgment order addressing all issues raised).

The Federal Arbitration Act, 9 U.S.C. § 16(b)(4), generally prohibits an appeal "taken from an interlocutory order . . . refusing to enjoin an arbitration that is subject to this title." In its response to this court's order to show cause, TPV argues that its appeal is proper pursuant to *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79 (2000). In *Green Tree*, the district court issued an order requiring that the plaintiff's underlying Truth in Lending Act case

must be resolved by arbitration, dismissing the plaintiff's claims for relief, and granting the defendants' motion to compel arbitration. The Supreme Court held that a district court's order compelling arbitration and dismissing claims for relief constituted a "final decision with respect to an arbitration" and thus was appealable pursuant to 9 U.S.C. 16(a)(3) ("An appeal may be taken from . . . a final decision with respect to arbitration that is subject to this title"). We agree that pursuant to *Green Tree* the district court's order denying an injunction against arbitration is subject to review at this time and thus this court has jurisdiction over this appeal.

Concerning the motion for an injunction, without prejudicing the ultimate disposition of this case by a merits panel, we determine that TPV has not met its burden to obtain an injunction pending disposition of its appeal. Thus, although we determine that we have jurisdiction over the appeal, TPV's motion is denied.

Accordingly,

IT IS ORDERED THAT:

The motion for an injunction is denied.

FOR THE COURT

NOV 3 0 2012
_____
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc:  Jonathan D. Hacker, Esq.
     Martin J. Black, Esq.

s8

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

NOV 3 0 2012

JAN HORBALY
CLERK